# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. ALVARADO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 10-3452 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Richard R. Alvarado filed this action on May 14, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on May 21 and June 18, 2010. (Dkt. Nos. 8-9.) On December 22, 2010, the parties filed a Joint Stipulation ("JS") that addresses the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///

# I.

# **PROCEDURAL BACKGROUND**

On December 8, 2006, Alvarado filed an application for Supplemental Security Income ("SSI") benefits alleging disability beginning September 15, 2006. Administrative Record ("AR") 14. The application was denied initially. AR 14. An Administrative Law Judge ("ALJ") conducted a hearing on June 25, 2008, at which Alvarado and a vocational expert testified. AR 32-47. On July 25, 2008, the ALJ issued a decision denying benefits. AR 14-19. The Appeals Council denied Alvarado's request for review. AR 1-4. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# **DISCUSSION**

**A.** **Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only

if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

Alvarado has the following severe impairments: "degenerative disc disease of the lumbar spine with scoliosis and radiculopathy; and obesity." AR 16. The ALJ found that Alvarado had the residual functional capacity to perform light work "except for a requirement for the option to alternate sitting and standing at will to relieve discomfort." *Id.* The ALJ found that Alvarado was able to perform jobs that exist in significant numbers in the national economy such as cashier II and assembler. AR 18-19.

### C. Treating Physician's Opinion

Alvarado argues that the ALJ improperly rejected the opinion of his treating physician, Dr. Moy.

An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn,* 495 F.3d at 632 (citations omitted and internal quotations omitted). When the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors, including the following: (1)

3

the length of the treatment relationship and frequency of examination;[1] (2) the nature and extent of the treatment relationship;[2] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) the consistency with the record as a whole; and (5) the specialty of the physician providing the opinion.  *See Orn*, 495 F.3d at 631; 20 C.F.R. § 404.1527(d)(1)-(6).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings.  *Orn*, 495 F.3d at 632.  However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  *Id.*

A non-examining physician's opinion constitutes substantial evidence when it is supported by other evidence in the record and consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, a non-examining physician's opinion cannot by itself constitute substantial evidence.  *Widmark v. Barnhart*, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006).

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

The ALJ discounted Dr. Moy's opinion dated June 2008 for three reasons: (1) inconsistency with treatment notes; (2) inconsistency with the medical evidence of record; and (3) uncritical reliance on Alvarado's subjective complaints.  AR 17-18.

---

[1] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.  When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

[2] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

An ALJ may discount a treating physician's opinion based on inconsistency with the treatment notes. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Moy saw Alvarado on November 30, 2006, January 25, 2007, February 23, 2007, April 6, 2007 and May 22, 2008. AR 134-141, 155. On February 23, 2007, Dr. Moy diagnosed degenerative joint disease of the lumbar spine with positive straight leg raising of the right leg, mild paravertebral spasms and tenderness, normal sensation, normal reflex, and 4/5 motor strength. AR 116. Dr. Moy noted narrowed lumbar discs at L1, L2, L3, L5 and S1, severe degenerative changes at L5, and mild dextroscoliosis at L1-L2. AR 117. Dr. Moy stated that Alvarado had "good symptomatic relief" with medications and a fair prognosis. AR 118. On his April 6, 2007 visit, Alvarado told Dr. Moy that Naprosyn was not working but Vicodin and Elavil helped. AR 135. Alvarado stated he was unable to work in construction. *Id.* Alvarado missed his next appointment and did not return until more than a year later on May 22, 2008. AR 134, 155. At that point, Alvarado had been out of all of his medications for "months." AR 155. Dr. Moy prescribed Vicodin, Ibuprofen, Elavil and Robaxin. *Id.* In his June 20, 2008 Physical Residual Functional Capacity Questionnaire, Dr. Moy stated that the May 22, 2008 visit was his last patient contact. AR 157. Nevertheless, Dr. Moy opined that Alvarado had "incomplete relief of pain and numbness" with his medications. AR 157. As the ALJ noted, Dr. Moy's statement is inconsistent with his prior treatment notes that the pain medications provided "good symptomatic relief."[3] AR 17, 118, 135. The ALJ provided a specific and legitimate reason for rejecting Dr. Moy's opinions. Dr. Moy had found that Alvarado could sit for up to one hour at a time and a total of 4 hours in an 8-hour day; and stand for up to 20 minutes at a time and a total of 2 hours in

---

[3] There is no indication Dr. Moy's statements regarding incomplete pain relief were based on the May 22, 2008 visit because Alvarado stated he had run out of all of his medications months beforehand. AR 155.

an 8-hour day. AR 158-59. He could lift 20 pounds occasionally and 10 pounds frequently and could rarely engage in postural activities. AR 159. He would require unscheduled breaks in an 8-hour workday. *Id.*

An ALJ may rely on inconsistency with the medical evidence as a whole as a basis for discounting the treating physician's opinion. *Orn*, 495 F.3d at 631. The ALJ relied on the opinions of an examining physician, Dr. Bleecker, who made independent clinical findings. AR 111-114. Dr. Bleeker opined Alvarado could lift 25 pounds occasionally and 10 pounds frequently, and sit, stand and walk 6 hours in an 8-hour day. AR 17, 114. Dr. Bleeker diagnosed probable degenerative disc disease of the lumbar spine. AR 114. He noted Alvarado had a normal gait, was able to get on and off the examining table, had limited range of motion in the lumbar spine, had positive tripod sign on straight leg raising, had no deficit in motor strength, and had reduced sensation in the lower extremities. AR 18, 112-13.

Given that Dr. Moy's opinion was not consistent with the treatment notes or with the medical evidence as a whole, the ALJ concluded that Dr. Moy seemed to endorse uncritically Alvarado's subjective allegations of pain.[4] AR 17.

The ALJ articulated specific and legitimate reasons for discounting Dr. Moy's June 2008 opinion. The ALJ did not err.

### D. **Alvarado's Subjective Symptom Testimony**

Alvarado argues that the ALJ impermissibly rejected his subjective symptom testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying

---

[4] Dr. Moy's treatment notes dated May 22, 2008 state that he will fill out a functional residual capacity form. AR 155.

6

impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ stated that Alvarado's "subjective complaints are credited to the extent that he has required the option to alternate sitting and standing to relieve pain." AR 18.

Alvarado testified that his doctor told him he could not lift more than 20 pounds. AR 37. However, Alvarado testified he could not lift 20 pounds even occasionally. *Id.* The ALJ inquired whether Alvarado could perform a job if he could sit and stand at will and did not have to lift more than 10 to 20 pounds, with 10 pounds on a regular basis. Alvarado responded that "Yeah, I possibly I can with that."[5] AR 38, *see* AR 39. He can sit and stand for up to one hour at a time. AR 40-41. In response to his counsel's subsequent question, Alvarado stated he did not know if he could do a simple job with little lifting and a sit/stand option on Monday through Friday, eight hours each day. AR 43-44. He had been turned

///

---

[5] Alvarado stated that he has a learning problem and is not very smart, so he does not know what kind of job he would be able to handle. AR 38.

7

down by three construction companies after being sent out for a physical and x-rays. AR 36.

The Commissioner agrees "[t]here is no question that Plaintiff can no longer perform this [construction] work." JS 13. The Commissioner further argues that the ALJ included a sit/stand option to account for Alvarado's testimony that he has problems sitting and standing. *See* AR 39. The ALJ interpreted Alvarado's testimony to mean that he could likely perform light work with a sit/stand option. AR 17, 38-39. While Alvarado subsequently stated he did not know whether he could perform such a job every day Monday through Friday in response to his counsel's questioning, the ALJ could reasonably rely on ordinary techniques of credibility to assess Alvarado's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ's credibility finding is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 14, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

8